IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NATASHA S. MONTANO,

    Plaintiff,

v.                                                                                                                                         No. 17-cv-0458 SMV

NANCY A. BERRYHILL,
**Acting Commissioner of the Social Security,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum [Doc. 16] ("Motion"), filed on November 3, 2017. The Commissioner responded on December 13, 2017. [Doc. 17]. Plaintiff replied on January 16, 2018. [Doc. 19]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 7]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that Plaintiff fails to meet her burden as the movant to show that the Administrative Law Judge ("ALJ") did not apply the correct legal standards or that her decision was not supported by substantial evidence. Accordingly, the Motion will be denied and the Commissioner's final decision affirmed.

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981; 416.1481. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not re-weigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

### Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity"; *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the "Listings"[2] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

**Procedural Background**

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on May 28, 2013. Tr. 21. She alleged a disability-onset date of April 1, 2011. *Id.* Her claim was denied initially and on reconsideration. *Id.* ALJ Lillian Richter held a hearing on January 28, 2016, in Albuquerque, New Mexico. Tr. 21, 46–95. Plaintiff appeared with her attorney. *Id.* The ALJ heard testimony from Plaintiff, her partner Luka Weinberger, and an impartial vocational expert ("VE") Karen N. Provine. *Id.*

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

The ALJ issued her unfavorable decision on May 4, 2016. Tr. 40. She found that Plaintiff met the insured status requirements through December 31, 2016. Tr. 23. At step one she found that Plaintiff had not engaged in substantial gainful activity between her alleged onset date and her date last insured. *Id.* At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "systemic lupus, obesity, acne vulgaris, furunculosis versus hidradenitis supparavita, antiphospholipid antibody syndrome, restless legs syndrome, chronic migraines, anxiety disorder, depression, borderline intelligence, rheumatoid arthritis, chronic back pain, degenerative disc disease with osteoarthritis, cerebrovascular accident[,] and irritable bowel syndrome." Tr. 23–24.

At step three the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 24–28. Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 28–38. The ALJ found that:

> [Plaintiff] has the [RFC] to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except [Plaintiff] can lift, carry, push[,] and pull 20 pounds occasionally and 10 pounds frequently. [Plaintiff] can walk and/or stand for 6 hours and sit for 6 hours in an 8-hour workday. [Plaintiff] can occasionally finger bilaterally, can frequently handle and frequently feel bilaterally. [Plaintiff] is limited to performing simple, routine work. [Plaintiff] is limited to hearing and understanding simple information. [Plaintiff] can have occasional contact with supervisors, coworkers, and members of the public. [Plaintiff] is limited to a workplace with few changes in the routine work setting. [Plaintiff] could not perform work at an assembly line production pace but could meet end-of-day goals. [Plaintiff] is limited to making simple, work related decisions.

Tr. 28–29.

At step four the ALJ found that Plaintiff was unable to return to any of her past relevant work. Tr. 38. The ALJ went on to consider Plaintiff's RFC, age, education, work experience, and the testimony of the VE at step five. Tr. 39–40. She found that Plaintiff could perform work that exists in significant numbers in the national economy and, therefore, was not disabled. *Id.* Plaintiff requested review from the Appeals Council, but that request was denied on February 15, 2017. Tr. 1. Plaintiff timely filed the instant action on April 17, 2017. [Doc. 1].

## Analysis

The arguments and authorities presented by Plaintiff do not persuade the Court that remand is warranted. Plaintiff fails to show reversible error in the ALJ's evaluation of Dr. Simpson's opinion. Similarly, Plaintiff fails to show reversible error in the ALJ's reference to "assembly line production pace" and "end-of-day goals" in the RFC. The Commissioner's final decision should be affirmed.

### Plaintiff fails to show reversible error in the ALJ's evaluation of Dr. Simpson's opinion.

Plaintiff fails to meet her burden as the movant to show reversible error with respect to Dr. Simpson's opinion. In relevant part, Dr. Simpson assessed the following limitations for Plaintiff:

> 1. Understand and Remember
>    A. Detailed or complex instructions: Moderate Limitation
>    B. Very short and simple instructions: Mild Limitation
> 2. Sustained concentration and Task Persistence
>    **A. Ability to Carry Out Instructions: Moderate Limitation**
>    **B. Ability to Attend and Concentrate: Moderate Limitation**
>    C. Ability to Work without Supervision: Mild–Moderate Limitation
> 3. Social Interactions
>    A. Ability to Interact with Public: Mild–Moderate Limitation
>    B. Ability to Interact with Co-workers: Mild–Moderate Limitation

5

          C. Ability to Interact with supervisors: Mild–Moderate
             Limitation
       4. Adaptation
          A. Ability to Adapt to Changes in the Workplace: Mild–
             Moderate Limitation
          B. Ability to be Aware of Normal Hazards in the workplace:
             Mild Limitation
          C. Ability to Use public Transportation or Travel to Unfamiliar
             Places: Mild–Moderate Limitation

Tr. 415 (emphases added).

Plaintiff argues that Dr. Simpson's moderate limitation in the ability to "carry out instructions" necessarily means a moderate limitation in the ability to carry out both complex and *simple* instructions. [Doc. 16] at 14. Presuming that Dr. Simpson assessed a moderate limitation in the ability to carry out *simple* instructions, Plaintiff argues that the RFC assessment fails to include the limitation. Without an adequate explanation for why the ALJ did not include the limitation, Plaintiff argues that remand is necessary.

Similarly, Plaintiff argues that Dr. Simpson's moderate limitation in the ability to "attend and concentrate" necessarily means a moderate limitation in the ability to attend and concentrate, "regardless of whether the work is simple or complex." [Doc. 16] at 14 (emphases omitted). Presuming that Dr. Simpson assessed a moderate limitation in the ability to and attend and concentrate at simple (or unskilled) work, Plaintiff argues that the RFC assessment fails to include the limitation. Without an adequate explanation for why the ALJ did not include the limitation, Plaintiff argues that remand is necessary.

Plaintiff cites one source of authority for her arguments: the Program Operations Manual System ("POMS"). [Doc. 16] at 15. The POMS explains that the ability to "carry out . . . *simple* instructions" is required for the performance of any job. POMS DI § 25020.010(A)(3). Further, the ability to "carry out *very short and simple* instructions" is critical for performing unskilled

6

work. *Id.* at § 25020.010(B)(3)(c) (emphasis added). Similarly, the ability to "maintain attention [but not concentration] for extended periods of 2-hour segments" is critical to the performance of unskilled work. *Id.* at § 25020.010(B)(3)(d). Plaintiff ultimately argues that the RFC assessment does not account for Dr. Simpson's limitations and the ALJ failed to explain why they were omitted. [Doc. 16] at 13–15.

Dr. Simpson assessed moderate limitations in the "ability to carry out instructions" and in the "ability to attend and concentrate." Tr. 415 (capitalization omitted). Plaintiff fails to show that these limitations are not accounted for in the RFC, which limits Plaintiff to unskilled work. Things would be different if, for example, Dr. Simpson had assessed a moderate limitation in Plaintiff's ability to "carry out *very short and simple* instructions," which is critical for unskilled work. But Dr. Simpson did not so limit Plaintiff. Things would be different if Dr. Simpson had assessed a moderate limitation in the ability to attend and concentrate *for 2-hour segments*, but he did not. The arguments and authorities presented by Plaintiff fail to show that Dr. Simpson's limitations are not accounted for in the RFC assessment.

<u>Plaintiff fails to show reversible error in the ALJ's reference to
"assembly line production pace" and "end-of-day goals" in the RFC.</u>

Plaintiff fails to meet her burden as the movant to show that the ALJ committed reversible error in referring to "assembly line production pace" and "end-of-day goals" in the RFC. Plaintiff attacks the use of these phrases from several angles, but none is persuasive.

Plaintiff argues that the ALJ failed to perform a function-by-function analysis of Plaintiff's mental abilities to perform work. If the ALJ had performed the analysis, Plaintiff argues, the ALJ would not have included these phrases but, instead, would have included other restrictions in the RFC. [Doc. 16] at 15–16. For example, Plaintiff suggests that the ALJ might

have included limitations in the ability to carry out instructions, maintain attention and concentration, remember work-like procedures, sustain an ordinary routine without special supervision, or complete a normal workday and workweek without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods. *Id.* at 17. Or, Plaintiff argues, if the ALJ had performed the requisite function-by-function analysis, the ALJ would have arrived a different RFC. *Id.*

An ALJ's failure to conduct a function-by-function analysis is not always reversible error. The Tenth Circuit Court of Appeals addressed this issue in *Hendron v. Colvin*. 767 F.3d 951, 956–57 (10th Cir. 2014). There, the court found that the absence of an explicit function-by-function analysis was not critical to the outcome of the case because the ALJ clearly had addressed the limitation at issue (Ms. Hendron's ability to sit). *Id.* That is, even without the function-by-function analysis, the court could follow the ALJ's reasoning in evaluating Ms. Hendron's ability to sit. *Id.*

Here, Plaintiff fails to show what limitation she believes the ALJ overlooked when she did not provide an explicit function-by-function analysis. She offers some suggestions regarding what mental abilities the ALJ should have discussed. She speculates that if the ALJ had performed the explicit analysis, she might not have concluded that Plaintiff could meet end-of-day goals. [Doc. 19] at 6. She offers nothing more specific, however. The Court finds that, as in *Hendron*, it is able to follow the ALJ's reasoning in arriving at the mental restrictions in the RFC, even absent an explicit function-by-function analysis. *See* Tr. 27–38. Plaintiff fails to show any reversible error.

Nor is the Court persuaded by Plaintiff's other challenges. Plaintiff complains that the ALJ failed to explain how she arrived at the conclusion that Plaintiff could not "perform work at

an assembly line production pace but could meet end-of-day goals." [Doc. 16] at 17; *see* [Doc. 19] at 6. Other than the implication that, if the ALJ had explained herself more, she might have reached a different (and presumably more restrictive) RFC, Plaintiff's argument stops short. It does not show the Court that remand is warranted.

Finally, Plaintiff argues that references to "assembly line production pace" and "end-of-day goals" are "occupational/vocational conclusion[s]" and are not "recognized work-related mental functions." [Doc. 16] at 16. Although not ubiquitous, the Court has encountered these or similar limitations in RFC assessments in the past. More to the point, though, Plaintiff fails to offer any authority suggesting, much less establishing, that an ALJ may not utilize these phrases in formulating an RFC. The Court has reviewed all of the authority cited by Plaintiff for this point. *See* [Doc. 16] at 15–17.

The best authority Plaintiff offers is Social Security Ruling 96-8p, which reads: "nonexertional [residual functional] capacity considers all work-related limitations and restrictions that do not depend on an individual's physical strength" and "must be expressed in terms of work-related functions" or "work-related mental activities." 1996 SSR LEXIS 5, at *16–17. Plaintiff then goes on to refer to a list of 20 work-related mental activities generally required by all work. [Doc. 16] at 16 n.12 (citing to POMS DI § 25020.010).

This authority, however, does not prohibit the ALJ's references to "pace" or "end-of-day goals." In fact, one of the mental activities on the list, an activity that Plaintiff herself explicitly names, is "the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms *and to perform at a consistent pace* without an unreasonable number and length of rest periods." POMS DI §25020.010(B)(2)(a) (emphasis added). It seems to the Court that the ALJ's specific finding that Plaintiff could "not perform work at an assembly

9

line production pace but could meet end-of-day goals" is, indeed expressed in the form of a work related function or mental activity as required by SSR 96-8p. Plaintiff's arguments and authorities fail to show reversible error.

## Conclusion

Plaintiff fails to show that ALJ's findings are not supported by substantial evidence. She also fails to show that the ALJ failed to apply the correct legal standards. Accordingly, remand is not appropriate.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum [Doc. 16] is **DENIED**. The Commissioner's final decision is affirmed.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**